Walter GREGG, Plaintiff,

v.

UNITED STATES of America, Defendant.

Mrs. Ethelmae GREGG, Plaintiff,

v.

UNITED STATES of America, Defendant.

Walter GREGG, Jr., by his Guardian ad Litem, John D. Whisenhunt, Plaintiff,

v.

UNITED STATES of America, Defendant.

Frances Mabel GREGG, by her Guardian ad Litem, John D. Whisenhunt, Plaintiff,

v.

UNITED STATES of America, Defendant.

Helen Elizabeth GREGG, by her Guardian ad Litem, John D. Whisenhunt, Plainitff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 6877, 7028, 7030, 7031, 7032.

United States District Court
E. D. South Carolina,
Florence Division.

April 16, 1960.

Dusenbury, Dusenbury & McKenzie, Florence, S. C., for plaintiffs.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

The above cases arise from the explosion of a bomb which defendant dropped from one of its B–47 jet bombers on the property of the plaintiff Walter Gregg.

Heretofore by order dated December 16, 1959, upon motion of the plaintiffs in the above named cases, under the authority of United States v. Praylou, 4 Cir., 208 F.2d 291, it was adjudged that the liability of the defendant in each case had been established and it was ordered that the defendant be declared to be liable to the plaintiff in each case to the extent of the damages sustained by each plaintiff, and that the extent of each of the plaintiff's damages and the question of attorneys' fees were the only remaining issues in the above stated actions. The cases were consolidated for trial.

*Findings of Fact as to Plaintiffs in All of the Above Cases*

Because of the nature of the device exploded considerable testimony was introduced with regard to the presence or absence of damage due to radiation in these cases.

After consideration of the testimony and the evidence presented before me, I am of the opinion and find that the bomb which defendant dropped was an unarmed nuclear device and that the explosion which followed was not nuclear but was caused by explosives in the detonating device.

The uncontradicted testimony disclosed that the unarmed and unexploded nuclear device contained uranium in essentially the same form as it is found in nature. This long-lived, low activity material emits predominately alpha particles and small amounts of low energy

beta particles and gamma rays. The minimal range of alpha particles is 8 centimeters (6 inches). Therefore, the uranium is not a problem externally and no health hazard is created unless it is taken into the body by inhalation, ingestion or through wound absorption. Even then, impossible quantities in soluble form would have to be absorbed to constitute a radiological hazard. The problem, therefore, is not from radiation. Uranium is a heavy metal and poisoning can occur by virtue of its chemical toxicity to the kidney if sufficient quantities of the proper soluble form are appropriately disseminated in the body. The material in the subject device was in a metallic insoluble state.

■ With regard to the effect of this particular incident, surveys were made on the evening of the explosion and repeated during the night and the following morning. The monitoring of the site for a radius of six to seven hundred yards on each occasion failed to detect any significant radiation above normal background indication. The devices used were specifically designed to detect radiation and, from the testimony, I conclude that they were properly used and had any hazard been present it would have been detected.

In addition to the monitoring of the area, soil samples were taken from the crater and environs. These samples were tested by the Division of Radiological Health, United States Public Health Service, and found to contain no radiation above normal background indication. The Public Health Service also obtained two 24-hour urine samples from each member of the Gregg family, plaintiffs above named. Under analysis by a method so sensitive that 1 microgram per liter could have been detected, there was no detectible amount of uranium. This test is of particular significance because a proper urinalysis will detect any uptake in uranium.

Based on the foregoing, I conclude that the explosion created no health hazard from radiation or chemical toxicity and that plaintiffs in the above actions suffered no loss attributable to either radiation or chemical toxicity.

Findings of Fact as to Damages
Sustained by Plaintiff
Walter Gregg

The plaintiff Walter Gregg sustained damages in the total sum of $42,031.75.

Findings of Fact as to Damages
Sustained by Plaintiff
Mrs. Ethelmae Gregg

The plaintiff Mrs. Ethelmae Gregg sustained damages in the total sum of $3,800.

Findings of Fact as to Damages
Sustained by Plaintiff
Walter Gregg, Jr.

The plaintiff Walter Gregg, Jr. sustained damages in the total sum of $2,750.

Findings of Fact as to Damages
Sustained by Plaintiff
Frances Mabel Gregg

The plaintiff Frances Mabel Gregg sustained damages in the total sum of $2,750.

Findings of Fact as to Damages
Sustained by Plaintiff
Helen Elizabeth Gregg

The plaintiff Helen Elizabeth Gregg sustained damages in the total sum of $2,750.

Conclusions of Law and Order

■ Plaintiff Walter Gregg should have judgment against the defendant United States of America in the above case, for $42,031.75, and the costs of this action.

It Is Ordered, That judgment be entered in favor of the plaintiff Walter Gregg against the defendant United States of America for the sum of $42,031.75.

It Is Further Ordered, That from this recovery the Travelers Fire Insurance Company is entitled to be paid the sum of $7,000, said sum representing payment of proceeds of policy No. 3837585, as evi-

denced by subrogation receipt dated April 30, 1958.

Plaintiff Mrs. Ethelmae Gregg should have judgment against the defendant United States of America in the above case, for the sum of $3,800, and the costs of this action.

It Is Ordered, That judgment be entered in favor of the plaintiff Mrs. Ethelmae Gregg against the defendant United States of America for the sum of $3,800.

Plaintiff Walter Gregg, Jr., by his guardian ad litem John D. Whisenhunt should have judgment against the defendant United States of America in the above case, for the sum of $2,750, and the costs of this action.

It Is Ordered, That judgment be entered in favor of the plaintiff Walter Gregg, Jr., by his guardian ad litem, John D. Whisenhunt, against the defendant United States of America for the sum of $2,750.

Plaintiff Frances Mabel Gregg, by her guardian ad litem, John D. Whisenhunt, should have judgment against the defendant United States of America, in the above case, for the sum of $2,750, and the costs of this action.

It Is Ordered, That judgment be entered in favor of the plaintiff Frances Mabel Gregg, by her guardian ad litem, John D. Whisenhunt, against the defendant United States of America, for the sum of $2,750.

Plaintiff Helen Elizabeth Gregg, by her guardian ad litem, John D. Whisenhunt, should have judgment against the defendant United States of America, in the above case, for the sum of $2,750, and the costs of this action.

It Is Ordered, That judgment be entered in favor of the plaintiff Helen Elizabeth Gregg, by her guardian ad litem, John D. Whisenhunt, against the defendant United States of America, for the sum of $2,750.

It Is Ordered, That the attorneys' fees in these cases be fixed at 20 per cent. of the amount of the awards, to be paid out of, but not in addition to the amount of said awards.

It Is Further Ordered, That the amount of the judgments herein ordered to be entered, be retained in the custody of the Clerk of this Court until the question of who is entitled to receive the attorneys' fees herein allowed in these cases and the extent thereof is determined, and for this purpose this Court retains jurisdiction of the cause.

The question as to attorneys' fees will be heard at nine-thirty o'clock a.m., on Monday, September 26, 1960, in the United States Court Room, in Florence, South Carolina.

In the meantime, attorneys for Henry E. Davis, Esq. and J. W. Wallace, Esq. are requested to file with me a memorandum of services they claim to have been performed by Messrs. Davis and Wallace as attorneys in these cases; and Messrs. Dusenbury, Dusenbury and McKenzie are requested to file with me a memorandum of the services they claim to have performed as attorneys for the plaintiffs in these cases. Such memoranda are requested to be filed with me on or before September 16, 1960. Attorneys for Messrs. Davis and Wallace shall serve a copy of their memorandum upon Messrs. Dusenbury, Dusenbury and McKenzie on or before said date, and Messrs. Dusenbury, Dusenbury and McKenzie shall serve a copy of their memorandum upon the attorneys for Messrs. Davis and Wallace on or before said date. Also, the amount of fees to be paid the guardian ad litem for infant plaintiffs shall be determined at said time and place.